UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HERIBERTO BAEZ,

                Plaintiff,

                                          DECISION AND ORDER
v.                                            05-CV-215A

JO ANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.

## INTRODUCTION

Plaintiff Heriberto Baez commenced the instant action pursuant to 42 U.S.C. § 405(g), on March 29, 2005, seeking review of a final determination of the defendant, Jo Anne Barnhart, the Commissioner of Social Security (the "Commissioner"), disallowing plaintiff's claim for disability insurance benefits under the Social Security Act. Plaintiff, a former firefighter, claims to be disabled due to a severe back impairment. On October 7, 2005, both the plaintiff and the Commissioner moved for judgment on the pleadings. On November 4, 2005, the Commissioner filed a response memorandum, opposing the motion for summary judgment.

For the reasons stated herein, the Court finds that the plaintiff is not entitled to benefits because substantial evidence in the record demonstrates that he is not disabled within the meaning of the Social Security Act. Therefore, the Commissioner's decision must be affirmed.

## PROCEDURAL HISTORY

Plaintiff filed an application for Social Security disability insurance benefits on December 18, 2002. (Tr. 27-29).[1] The application was initially denied. (Tr. 22-24). Since plaintiff's claim was a Disability Redesign Prototype case (see Tr. 21; 20 C.F.R. § 404.906(b)(4)), he next requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 25). The hearing was held via video conference on September 3, 2004. (Tr. 193-214). On October 13, 2004, the ALJ found that plaintiff was not disabled. (Tr. 8-16). On October 25, 2004, plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 6-7). On February 16, 2005, the Appeals Council denied plaintiff's request for review and, thus, the ALJ's decision became the final decision of the Commissioner. (Tr. 3-5). Plaintiff timely commenced this action.

## DISCUSSION

This Court may set aside the Commissioner's decision only if it is based upon legal error or her factual findings are not supported by substantial evidence. 42 U.S.C. § 405(g). The Supreme Court has defined the term "substantial evidence," in the context of a Social Security case, as "more than a mere scintilla" and as that evidence which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

---

[1] Page citations are to the transcript of the administrative record filed by the Commissioner as part of her answer.

The ALJ found that although plaintiff's back condition was a severe impairment and made him unable to perform his past relevant work as a firefighter, he retained the residual functional capacity ("RFC") to do light work and was capable of performing other work which existed in significant numbers in the national economy. The ALJ therefore concluded that the plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 14-15). After reviewing the record and the submissions of the parties, the Court finds that substantial evidence supports the ALJ's findings.

Plaintiff contends that the ALJ erred by failing to give controlling weight to the diagnosis and opinion of Dr. William A. Fleming that plaintiff did not have the RFC to perform sedentary work. The Court finds this contention without merit.

The diagnosis and opinion to which plaintiff refers is actually an unsigned and undated report with Dr. Fleming's name printed on it. (Tr. 152-60). Although the report contains an assessment that plaintiff was not capable of sedentary work (see Tr. 156-57), it does not provide any clinical findings to support such an assessment. The report indicates that plaintiff's straight leg raising was limited on the right due to pain. (Tr. 152A). Nevertheless, it also states that his deep tendon reflexes were normal and his gait was not abnormal. (Tr. 153-54). Notably, the report indicates that plaintiff's motor strength, station/gait, gross/fine manipulation, and senses were not tested. (Tr. 154, 155).

Plaintiff further contends that Dr. Fleming is plaintiff's treating physician and, thus, his opinion is entitled to great weight. However, the medical evidence indicates that Dr. Fleming examined plaintiff only once during the relevant period. (Tr. 150, 151; 162). Notably, his sparse treatment notes do not suggest that plaintiff could

3

not perform sedentary work. Id. In fact, his only clinical finding was that plaintiff's straight leg raising was limited on the right due to pain. (Tr. 150). However, based on plaintiff's complaints, Dr. Fleming assessed low back pain. Id. In any event, Dr. Fleming, whose area of practice was internal medicine, did not even treat plaintiff, but instead referred him to Dr. Robert J. Krenzer, a neurologist. (Tr. 150; 162).

Plaintiff's further contends that the ALJ erred because he did not discuss Dr. Krenzer's opinion. The record shows, however, that the ALJ did acknowledge Dr. Krenzer's findings and opinion. The ALJ specifically noted that Dr. Krenzer's neurological examination revealed a full range of motion ("ROM") in the neck and shoulders, decreased ROM in the lower back, positive straight leg raising on the right, and pain with bending and twisting. (Tr. 12; 166; 169). Motor and sensory examinations were normal and plaintiff was able to walk in place on his toes and heels. Plaintiff had no pain over the spinous process and he was neurologically intact. Id. Moreover, the ALJ acknowledged that Dr. Krenzer was plaintiff's treating physician and credited his opinion that plaintiff was unable to return his prior work as a firefighter. (Tr. 14; 163; 165; 167). However, the ALJ correctly determined that plaintiff's inability to work as a firefighter does not satisfy the standard that plaintiff must meet for entitlement to disability insurance benefits, i.e., the inability to perform any type of work. 42 U.S.C. § 423(d).

Plaintiff further contends that the ALJ erred by failing to discuss the opinions of Dr. Michael Landi, a neurological surgeon, and Dr. Andrew Cappuccino, an orthopedic surgeon. However, the ALJ indicated that he reviewed all the evidence of record. (Tr. 11; see Tr. 13 (referring to Exhibit 9F)). Moreover, neither Dr. Landi nor Dr.

4

Cappuccino opined that plaintiff could not do light work. In fact, Dr. Landi observed that plaintiff had normal muscle bulk and tone, walked with a normal gait and station, and had negative straight leg raising bilaterally. Plaintiff's motor strength was normal in all muscle groups, reflexes were physiologic, and sensation was intact. (Tr. 138). In addition, Dr. Cappuccino noted that plaintiff had been treated with lumbar epidural steroid injections with good relief. (Tr. 145). Dr. Cappuccino observed that plaintiff's gait was normal and his station was steady. (Tr. 146). Plaintiff's lower extremities had full ROM, and normal motor strength and sensation. Id.

Plaintiff further contends that the ALJ erred by not evaluating the review "physician's" analysis (Tr. 179-84), pursuant to 20 C.F.R. § 404.1527(f)(2)(ii). However, the "physician" to which plaintiff refers to is actually a disability examiner and is not a medical source. (Tr. 21). Therefore, 20 C.F.R. § 404.1527(f)(2)(ii) is not applicable. Moreover, the disability examiner's opinion is not entitled to deference. 20 C.F.R. § 404.1513(d)(1) (disability examiners are not acceptable medical sources within the regulations and their opinions are not entitled to deference).

Plaintiff also argues that the ALJ erred in assessing the plaintiff's credibility. The Court finds this argument unpersuasive.

The Commissioner has the discretion to evaluate the credibility of a claimant's testimony and render an independent judgment in light of the medical findings and other evidence regarding the true extent of such symptomatology. Mimms v. Secretary of Health and Human Services, 750 F.2d 180, 186 (2d Cir. 1984). Moreover, the credibility of the testimony of a claimant is a matter within the sole province of the Commissioner, as trier of fact, to determine. Dumas v. Schweiker, 712

F.2d 1545, 1553 (2d Cir. 1983); see also Gernavage v. Shalala, 882 F. Supp. 1413, 1419 n.6 (S.D.N.Y. 1995)(citations omitted) (deference should be accorded ALJ's determination because he heard plaintiff's testimony and observed his demeanor).

The ALJ considered plaintiff's subjective complaints, but found that they were not entirely credible. (Tr. 14, 15). The ALJ considered all of plaintiff's symptoms, and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. (Tr. 13). See 20 C.F.R. § 404.1529; SSR 96-7p.

Symptoms, such as pain, do not alone establish disability as that term is defined in § 223(d)(1) of the Social Security Act, 42 U.S.C. § 423(d)(1). Rather plaintiff must demonstrate by medical signs or findings the existence of an underlying condition, which must be reasonably expected to produce the symptomatology alleged. 20 C.F.R. § 404.1529(b); accord Gallagher v. Schweiker, 697 F.2d 82, 84 (2d Cir. 1983).

Here, plaintiff's subjective complaints are not supported by clinical and diagnostic studies. Whenever a medically determinable impairment exists, objective medical evidence, such as evidence of muscle atrophy, motor disruption, sensory or reflex loss, reduction of joint motion, and muscle spasms, must be considered in determining whether disability exists. 20 C.F.R. § 404.1529(c)(2). Notably, none of plaintiff's treating physicians observed any muscle atrophy, motor disruption, sensory or reflex loss, or muscle spasms. As the Second Circuit has held, "the [Commissioner] is entitled to rely not only on what the record says but also on what it does not say." Dumas v. Schweiker, 712 F.2d at 1553 (citations omitted). Moreover, Dr. Krenzer

observed normal strength, sensation, and reflexes. (Tr. 166; 12). Although plaintiff had decreased ROM in the lower back, he had full ROM in the neck and shoulders. Id. Dr. Landi observed that plaintiff's motor strength was normal in all muscle groups, reflexes were physiologic, and sensation was intact. (Tr. 138). Dr. Cappuccino observed that plaintiff's lower extremities had full ROM, normal motor strength, and normal sensation. (Tr. 146).

Since plaintiff's subjective allegations suggested a greater restriction than could be demonstrated by objective evidence alone, the ALJ also considered other factors, including plaintiff's daily activities; medication; and treatment other than medication. 20 C.F.R. § 404.1529(c)(3). Plaintiff reported normal activities of daily living which included visiting the firehouse or having a few beers with his friends, going for walks, and watching television. (Tr. 76; 213; 14). He attended sporting events and church, occasionally shopped, and drove or traveled via public transportation. (Tr. 74; 76; 14). Moreover, plaintiff did not take any medications. (Tr. 80). However, Dr. Cappuccino noted that plaintiff had been treated with lumbar epidural steroid injections with good relief. (Tr. 145). As for treatment other than medication, plaintiff's physical therapists consistently noted that he had responded positively to treatment. (Tr. 124; 128-31; 167). In fact, physical therapist Hans-Jurgen Jakobs noted that plaintiff had no pain with exercise and assessed that plaintiff's progress had plateaued and that for the most part he had achieved his treatment goals. (Tr. 121; 122; 126). Also, plaintiff acknowledged that both walking and the transcutaneous electrical nerve stimulation ("TENS") unit helped to improve his back pain. (Tr. 80; 145; 185; 190; 209).

Based on the foregoing, the Court finds that there is substantial evidence

7

to support the ALJ's conclusion that the objective evidence in the record did not substantiate plaintiff's claims to the extent alleged. (Tr. 14-15); 20 C.F.R. § 404.1529(c)(2),(3).

## CONCLUSION

For the reasons stated, the Court grants the Commissioner's motion for judgment on the pleadings and denies the plaintiff's motion for judgment on the pleadings. The Clerk of Court shall take all steps necessary to close the case.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: December 22, 2006